Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 7180 | **DATE** | 7/12/2010 |
| **CASE TITLE** | Douglas Lemon (#2005-0090415) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The Clerk is directed to: (1) reopen the case; (2) add Supt. Andrew, Lt. Earl Tucker, and Correctional Officer McCray as Defendants; (3) issue summonses for service of the fourth amended complaint on the Defendants; and (4) send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Plaintiff's renewed motion for appointment of counsel [41] is denied for the reason set forth in the Court's Minute Order of February 16, 2010. The U.S. Marshal Service is appointed to serve the defendants. Initial status hearing set for 9/15/10 at 8:30 a.m. Defendants' counsel is directed to make arrangements for plaintiff Douglas Lemon to appear via telephone and should contact the courtroom deputy, 312/435-5879, by 9/14/10 with the contact information.

■ [**For further details see text below.**]  **Docketing to mail notices.**

## STATEMENT

    Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action purportedly pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff claims that Defendants, jail officials, have violated Plaintiff's constitutional rights by denying him needed mental health treatment, by subjecting him to inhumane conditions of confinement, and by exposing him to undue risk of harm. Although appointed counsel was granted leave to withdraw in January 2010, Plaintiff has submitted a *pro se* fourth amended complaint as directed. *See* Minute Orders of February 16, 2010, and May 12, 2010.

    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the amended complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated colorable federal causes of action. Accordingly, the Clerk is directed to reopen the case.

    The Clerk shall issue summonses for service of the fourth amended complaint. The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former jail employee who can no longer be **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Finally, Plaintiff's renewed motion for appointment of counsel is denied for the reasons set forth in the Court's Minute Order of February 16, 2010. This is Plaintiff's third motion for appointment of counsel in as many months. The Court will consider no more motions for appointment of counsel absent a significant change in circumstances.